O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LYNNE SABOE, ) | Case No. EDCV 13-286-OP |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

The Court[2] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[3]

///

---

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 9, 10.)

[3] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 7 at 3.)

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the ALJ properly considered Plaintiff's credibility;

(2) Whether the ALJ properly considered lay witness testimony; and

(3) Whether the ALJ properly considered relevant vocational factors.

(JS at 4, 10-11.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A. The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of degenerative

joint disease of her right knee, impairment of her bilateral hips status post total right hip replacement, migraines, and hypothyroidism. (Administrative Record ("AR") at 46.)  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a range of light work with the following limitations:  lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for two hours out of an eight-hour workday; sit for six hours out of an eight-hour workday; alternate positions in forty-five minute intervals for one to five minutes; occasionally use her right lower extremity for forceful pushing and pulling of foot controls; occasionally stoop, bend, crouch, and crawl; no fine or gross manipulation; no exposure to extreme cold, flashing or blinking lights, unprotected heights, and dangerous machinery; and can sustain attention, concentration, persistence, and pace in two-hour blocks of time. (Id. at 47-48.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff is capable of performing her past relevant work as a secretary. (Id. at 51.)

**B.     The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff contends the ALJ failed to provide the necessary clear and convincing reasons for rejecting Plaintiff's credibility.  The Court disagrees.  (JS at 4-7.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying

impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may

properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, the ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints of impairment less than credible. First, the ALJ properly relied on inconsistencies within Plaintiff's testimony. See Johnson, 60 F.3d at 1434; Thomas, 278 F.3d at 958-59 (ALJ may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities). The ALJ noted that Plaintiff claimed she has not looked for work because her "doctor took [her] off work and put [her] on disability." (AR at 14, 48.) However, the record indicates that Plaintiff initially stopped working because of "stress" and that her placement on disability was at her own request, not at the suggestion of her doctors. (Id. at 203, 269.) The ALJ also observed that Plaintiff's receipt of unemployment compensation benefits is facially inconsistent with her allegation of disability. (Id. at 49.) This is because in order to receive unemployment benefits, she would have had to certify that she was "able to work and looking for work." (Id.); but see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161-62 (9th Cir. 2008) (social security plaintiff's application for unemployment benefits not valid reason for discounting credibility where record unclear as to whether plaintiff stated he was available for full-time or part-time work).

In addition, the ALJ noted the discrepancies between the objective medical evidence and Plaintiff's subjective complaints of impairment. (AR at 48-50.) Of course, an ALJ "may not reject a claimant's subjective complaints based *solely* on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 345 (emphasis added). However, such a factor remains relevant. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Morgan, 169 F.3d at 600 (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective

5

medical evidence in the record). The ALJ's conclusion is supported by substantial evidence. The record supports Plaintiff's history of mental health problems (AR at 196-218, 371-96), but there is no support for a finding that they limited Plaintiff's ability to work. In fact, Plaintiff's treating sources indicated that her condition was improving and well controlled. (Id. at 196, 371, 373.) To the extent that her psychiatrist placed her on disability for her mental health impairments, it was at the behest of Plaintiff. (Id. at 203.) The record also evidences Plaintiff's physical impairments (id. at 219-47, 297-309, 320, 323-35, 337-69, 400-18, 421-51, 453-62, 466-95, 497-530, 532-35, 539-49, 553-59), but does not support more severe limitations than those assessed by the ALJ. None of Plaintiff's treating sources indicated in any way that Plaintiff was unable to perform work activities.[4] Meanwhile, findings by the agency orthopedic and psychiatric consultative physicians supported the ALJ's conclusions regarding Plaintiff's ability to work. (Id. at 252-84, 289-94.) Because the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints to reject her credibility, this too was a clear and convincing reason. Accordingly, this too was a clear and convincing reason for rejecting Plaintiff's credibility.

Based on the foregoing, the Court finds that the ALJ stated clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility. Thus, relief is not warranted on this claim.

**C.      The ALJ Properly Considered the Lay Witness Testimony.**

Plaintiff claims that the ALJ failed to properly consider the statement of Plaintiff's friend, Brenda Stettler. (JS at 10-11.) The Court does not agree.

---

[4] There is a single reference to "disability" by Anita I. Lenz, M.D. on February 13, 2009. (AR at 235.) However, this reference does not have any additional explanation and may be related to Plaintiff's personal desire to obtain disability benefits, as evidenced by her request for disability from her mental health treating sources about five months prior to Dr. Lenz's notation. (Id. at 203.)

1 Ms. Stettler explained that Plaintiff cannot get comfortable, has pain when
2 she wakes up, and cannot walk around for long periods. (AR at 164, 166.) Ms.
3 Stettler further stated that Plaintiff has difficulty putting on her shoes and socks
4 due to her impairments, and can no longer play sports, go shopping, go to the
5 movies, or go out to dinner. (Id. at 164, 168.) Ms. Stettler estimated that Plaintiff
6 can lift ten pounds, stand for ten minutes, and walk half a block. (Id. at 168.)
7 According to Ms. Stettler, Plaintiff cannot bend. (Id.)

The ALJ rejected Mr. Figueroa's testimony, finding:

> [Ms. Stettler's] claims appear exaggerated and are not supported by objective evidence. The undersigned has read and considered the opinions of Ms. Stettler and finds them credible to the extent they are consistent with the decision herein. Ms. Stettler is the claimant's long time friend and as such may have a quasi-familial interest in the claimant receiving benefits herein. Ms. Stettler is not a medical doctor or other qualified expert and thus cannot give a qualified opinion as to the claimant's impairments or ability to perform work activity.

(Id. at 48-49.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." 20 C.F.R. §§ 404.1513(d), 416.913(d); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

1      Here, the ALJ acknowledged Ms. Stettler's testimony and rejected it on the
2 basis of reasons that were germane to the witness. The Court does not consider the
3 persuasiveness of the ALJ's reasons for rejecting Ms. Stettler's testimony. Thus,
4 the ALJ fulfilled his duty to consider the evidence and provide sufficient reasons
5 for rejecting the third party evidence. There was no error.

6 **D.**     **<u>The ALJ Properly Considered the Vocational Evidence.</u>**

7      Plaintiff argues that the ALJ failed to properly consider the material
8 vocational factors when finding that Plaintiff could perform her past relevant work
9 as a secretary. (JS at 12-14.)

10      First, Plaintiff argues that her past work as a secretary does not qualify as
11 past relevant work because she did not perform secretarial work for a long enough
12 period to satisfy the requirements of the Dictionary of Occupational Titles
13 ("DOT"). Plaintiff explains that she only performed secretarial work part-time for
14 a period of just eight months, while the DOT requires one to two years of
15 experience to gain sufficient skills to perform the job of secretary. (JS at 12-13.)

16      Work experience is considered relevant if it was done within the last fifteen
17 years, lasted long enough to learn to do it, and was substantial gainful activity. <u>See</u>
18 20 C.F.R. § 404.1565(a). In determining whether a claimant can engage in past
19 relevant work, the Commissioner can look to whether Plaintiff can perform that
20 work as previously performed or as defined by the DOT. Soc. Sec. Rul. 82-61.

21      Here, the vocational expert testified that in light of Plaintiff's RFC and work
22 history, she could perform her past work as a secretary as Plaintiff had actually
23 performed that position. (AR at 31.) Nowhere does Plaintiff contend that she had
24 insufficient time to learn the job of secretary as she previously performed that job.
25 Notably, the fact that Plaintiff was able to perform the job of secretary for a period
26 of eight months is evidence that she had sufficient time to learn the job as it was
27 performed under those circumstances. Accordingly, the evidence supports a
28 finding that Plaintiff's prior secretarial work was past relevant work and that

Plaintiff was able to perform that job as previously required.

In addition, Plaintiff argues that she could not perform her past work as a secretary, which required her to sit eight hours a day, because the ALJ limited her to sitting just six hours in an eight hour day. (JS at 13.) Plaintiff stated in a Work History Report that her past job as a secretary required that she sit eight hours a day. (AR at 151.) However, at the hearing before the ALJ Plaintiff stated that she sat "most of the day." (Id. at 26.) In addition, she did not correct the ALJ when she characterized Plaintiff's previous work as allowing Plaintiff to "sit for awhile" and "stand for awhile." (Id. at 25.) Based on this testimony and the Residual Functional Capacity assessed by the ALJ, the vocational expert testified that Plaintiff would be able to perform her past work as secretary as it was previously performed. (Id. at 31.) See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (vocational expert testimony useful at step four of the analysis). At this step of the analysis, Plaintiff carries the burden of proving that she could not perform her past relevant work. Burch, 400 F.3d at 679 (plaintiff carried the burden of proof at steps one through four of the disability analysis). On this record, she failed to carry that burden.

Finally, Plaintiff argues that the ALJ failed to credit the vocational expert's testimony that Plaintiff could not perform her past work as a secretary if she was required to alternate between sitting and standing every twenty minutes. (JS at 13.) Plaintiff is correct that the vocational expert testified that an individual who needed to alternate positions at twenty-minute intervals would not be able to perform secretarial work. (AR at 31-32.) However, Plaintiff does not challenge the ALJ's ultimate assessment of Plaintiff's RFC, which included the need to alternate positions every forty-five minutes. (Id. at 30, 48.) Significantly, Plaintiff does not offer any evidence to support a need to alternate positions every twenty minutes. The ALJ was not required to account for a limitation that was not supported by the record. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("An ALJ is

free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."). Based on the RFC including the need to alternate positions every forty-five minutes, the vocational expert concluded that Plaintiff would be able to perform her past work as a secretary. (Id. at 31.) Accordingly, the vocational expert's opinions regarding the need to alternate positions at twenty minute intervals was of no consequence to the ALJ's disability assessment.

## IV.
## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: October 3, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge